COPE, J.
(concurring).
Appellant and appellee are half brothers. Appellant has obtained a domestic violence injunction against appellee. Subsequently appellee obtained such an injunction against appellant, and appellant has appealed.
Among the points raised by appellant is the contention that the court should not have taken judicial notice in appellee’s case of testimony that the court had previously heard relating to appellant’s case, without making such testimony a part of the record. As I read the transcript of the July 27, 1998, hearing, appellant never presented that objection in the trial court (although the appellant did offer a number of other objections). If that objection had been made at the outset, the trial court could have addressed the issue at that time, so that an appropriate record of those matters could have been made. Thus, the issue is not preserved for appellate review. As appellant’s other arguments are not legally sufficient to call for reversal, I join in the affirmance of the order under review.
It should be noted that a motion for disqualification is not properly used to express disagreement with the trial court’s rulings. See Barwick v. State, 660 So.2d 685, 692 (Fla.1995); Rives v. Logan, 611 So.2d 599 (Fla. 2d DCA 1993). Thus, the oral motion for disqualification at the conclusion of the hearing was properly denied. After trial, the appellant filed a motion to disqualify the trial judge, which the judge granted. Appellant is correct that he was then allowed to request the successor judge to review the predecessor judge’s ruling. See Fla. R. Jud. Admin. 2.160(h). On the present record, however, there was no abuse of discretion in denying the request for a new trial.